## L. B. Eastman v. W. N. Patterson.

### Contract.

Under a contract to keep certain stock as well as it could be kept, "considering the hay and the chance,"—the parties having previously seen and agreed upon the hay and shelter,—it is *held*, that ordinary care is all that the contract required.

Book ·Account. The case was referred to an auditor—and the court at the June Term, 1864, Peck, J., presiding, rendered judgment for the plaintiff on the report, which is sufficiently set forth in the opinion. Exceptions by the defendant.

*A. M. Dickey*, for the defendant.

——, for the plaintiff.

The opinion of the court was delivered by

Barrett, J. The plaintiff claims to recover a balance of the price charged for keeping certain sheep and horned cattle for the defendant. As to the keeping of the sheep no question is made. It is to be determined whether upon the facts found by the auditor the plaintiff is entitled to be allowed the price charged for the keeping of the cattle.

They were, kept under a special contract, and the question is whether the report shows a fulfillment of the contract by the plaintiff in the manner of taking care of and feeding them.

The plaintiff was to keep them at a certain barn, and feed them on the hay therein, which the defendant saw and examined before the making of the contract. "He was to keep them as well he could considering the hay and the chance. He used ordinary care in taking care and feeding the stock,—he fed them as often and as much at a time as people in general feed their cattle."

Did the contract require him to do more than use ordinary care? He was to keep them as well as he could, at that place and on that hay. There is no complaint as to his management of the stock in reference to the place. What more could he do in the matter of feeding them than to give them a suitable quantity of that hay and at suitable times? That he did this is implied in the use of ordinary care. When this appears, we think if the defendant would insist on the plaintiff's duty to do more, he should show that feeding more of

Eastman *v.* Patterson.

the hay, or at more frequent periods would have been more salutary to the cattle. Nothing of this kind is shown or offered to be shown, and it seems quite likely that any addition to the quantity or the frequency of giving the hay would not have been more beneficial. The trouble seems to have laid in the fact that the cattle had too much of that hay—or perhaps in their not having enough of a better quality. But for the quality the plaintiff was not answerable— nor for the effect it had upon the cattle when properly administered.

We think the report shows a fulfillment of the contract on the part of the plaintiff. The letter written by the defendant to the plaintiff on the 12th of May, enclosing $25, at which time the last of the cattle except the sick cow were sent for, makes no claim or intimation of any failure of the plaintiff to fulfill the contract, and promises to settle with the plaintiff when the defendant should go out for the purpose of taking home the sick cow. This of itself is quite cogent to the effect that the plaintiff was in no default in his care and keeping of the stock.

The deterioration of the stock while so kept by the plaintiff must stand chargeable to the improvidence of the defendant in making such a contract as he did, and constitutes no ground of defence against the plaintiff's claim to recover according to the price fixed by the contract.

The judgment is affirmed.